Martha A. Boersch (State Bar No. 126569)
mboersch@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone:    (415) 626-3939
Facsimile:    (415) 875-5700

Attorneys for Defendant
WALTER PALMA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WALTER PALMA,<br><br>Defendant. | Case No. CR 3:08-70507 BZ (SPERO)<br><br>**DEFENDANT WALTER PALMA'S MOTION FOR RELEASE FROM CUSTODY AND DISMISSAL OF COMPLAINT**<br><br>Courtroom: A, 15th Floor<br>Hearing Date: August 20, 2008<br>Time: 9:30 AM |

The Defendant Walter Palma, through his counsel Martha Boersch, respectfully moves the Court to release him from custody on the grounds that the government has failed to demonstrate probable cause that Mr. Palma has committed the offense with which he is charged. The grounds for this motion are set forth below.

**BACKGROUND**

On August 5, 2008, Magistrate Bernard Zimmerman signed a criminal complaint charging Walter Palma with being an unlawful alien in possession of a firearm in violation of 18 U.S.C. § 922(g)(5), based upon alleged conduct that occurred on November 2, 2005. The complaint affidavit alleges that Palma was a passenger in a car stopped by police who believed they saw the muzzle of a gun sticking through the moon roof of the car. *See* Compl. Aff. ¶ 5.c. When the car stopped, the passenger, who had a pony-tail, fled; the car was search and a 9mm Smith & Wesson was found lodged in the moon roof of the vehicle. *Id.* Other officers who were called to the

scene discovered Palma, who had a pony-tail, in a blue receptacle bin at a nearby playground. *Id.* 5.f. The officers who stopped the car identified Palma as the person in the car and Palma was arrested on November 2, 2005. *Id.* Two days later, after the case was allegedly dismissed, Palma allegedly made incriminating statements to a police inspector wearing a hidden recording device. *Id.* 6.c.

The complaint further alleges that Palma is a native and citizen of El Salvador who entered the country illegally on or about July 4, 1997. *Id.* ¶ 7. However, as the complaint states, Palma was granted "Temporary Protective Status" on September 8, 2005 – two months before the alleged offense – which he maintained until April 27, 2007. *Id.*

## **DISCUSSION**

The government has not established probable cause to believe that Mr. Palma committed the offense with which he is charged. The complaint demonstrates on its face that Mr. Palma was a lawful resident of the United States at the time he allegedly possessed the firearm. An alien who has been granted Temporary Protective Status (TPS) is not an unlawful alien under Section 922(g)(5). *See United States v. Orellano*, 405 F.3d 360 (5th Cir. 2005) (alien granted TPS is not an unlawful alien under 18 U.S.C. § 922(g)(5)(A)). Since the complaint alleges that Mr. Palma was granted TPS on September 8, 2005, Mr. Palma was not an illegal alien on November 2, 2005 and was instead lawfully in the United States. There is therefore no probable cause to believe that Mr. Palma committed the offense charged in the complaint.

The Court may issue an arrest warrant only if the government has shown probable cause that the person has committed the offense with which he is charged. Fed. R. Crim. P. 4(a) (*if* the complaint establishes probable cause that an offense has been committed, the judge must issue an arrest warrant). If the complaint fails to establish probable cause that the offense charged has been committed by the defendant, the magistrate must dismiss the complaint and discharge the defendant. Fed. R. Crim. P. 5.1(f) ("If the magistrate finds no probable cause to believe an offense has been committed . . . the magistrate judge must dismiss the complaint and discharge the defendant"); *see also* 18 U.S.C. § 3142(a) (the Court may order a person detained only if that person is "charged with an offense" and certain other conditions are met). Because the

government has failed to demonstrate probable cause the Mr. Palma committed the offense charged in the complaint, the complaint should be dismissed and Mr. Palma immediately released from the custody of the United States Marshals.

## **CONCLUSION**

For the foregoing reasons, the Criminal Complaint should be dismissed and Mr. Palma released from custody.

Dated: August 18, 2008               Respectfully submitted,

Jones Day


By:      /S/  Martha A. Boersch
         Martha A. Boersch

Counsel for Defendant
WALTER PALMA

SFI-590009v1

DEFENDANT'S MOTION FOR RELEASE
CR 3:08-70507 BZ

- 3 -

CERTIFICATE OF SERVICE

I, Tatiana Korn, declare:

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 California Street, 26th Floor, San Francisco, California 94104. On August 18, 2008, I served a true copy of **DEFENDANT WALTER PALMA'S MOTION FOR RELEASE FROM CUSTODY AND DISMISSAL OF COMPLAINT** on the following party:

> Wilson Leung, Esq.
> Attorney at Law
> 450 Golden Gave Ave., 11th Fl
> San Francisco, CA 94102

**BY MAIL:** I caused the foregoing document(s) to be placed in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth. I am readily familiar with the firm's practice of collection and processing correspondence for mailing.

**BY FACSIMILE:** I caused the foregoing document(s) to be transmitted to the party(ies) set forth below at the fax number(s) specified. The sending facsimile machine (or the machine used to forward the facsimile) issued a transmission report confirming that the transmission was complete and without error.

**XX**   **BY HAND DELIVERY:** I caused the foregoing document(s) to be delivered on the same day by an authorized courier in an envelope or package designated by the messaging service carrier addressed as set forth above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 18, 2008 at San Francisco, California.

_____/S/_____
Tatiana Korn

CERTIFICATE OF SERVICE